IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| PHILLIP BRADLEY HUNNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 419-151 |
| | ) | |
| ST. PAUL MERCURY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Defendant moves for sealing or redactions of six summary judgment exhibits, the summary judgment motion, and statement of undisputed facts. (Doc. no. 43.) By Order dated June 8, 2020, the Court found Exhibits 13, 21, and 42 qualify for blanket sealing because they are spreadsheets listing confidential indemnity payments, and the Court ordered Defendant to email proposed redactions for the remaining documents. (Doc. no. 49.) During a teleconference on June 16, 2020, the Court explained its concern with the proposed redactions and requested revised redactions for Exhibits 3 and 4. Defendant complied.

Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." As the Local Rules reflect, the filing of documents under seal is generally disfavored, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost

public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. at 1246 (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001) (*per curiam*)). When balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

"A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. However, the parties' desire to seal court documents "'is immaterial' to the public right of access." Id. at 1247 (quoting Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)). In the absence of a third party challenging the protection of information, the Court serves as "the primary representative of the public interest in the judicial process," and must "review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002) (citation omitted).

Upon consideration of these guiding principles, the Court finds the proposed redactions to spreadsheets accompanying Exhibits 3 and 4 are narrowly tailored to protect sensitive financial information of bank customers, for which the inherent risks associated with disclosure outweigh the public right of access. The Court also approves the proposed redactions to the letter portion of Exhibit 3 because they are narrowly tailored to protect FDIC reports made confidential by statute and federal regulations, which Congress and FDIC promulgated for important policy reasons.[1] The Court approves the proposed redactions to the Krsul declaration, Exhibit 14, because they are narrowly tailored to protect confidential indemnity and defense payments. Because the proposed redactions to the summary judgment motion and statement of undisputed facts are somewhat broader than the redactions approved herein, Defendant shall email revised redactions for these filings to the Court via the courtroom deputy clerk on or before Friday, June 26, 2020. By the same date, Defendant shall email proposed redactions to Exhibit 22. Sealing this exhibit in its entirety is unnecessary for the reasons previously stated on the

---

[1] See 5 U.S.C. § 552(b)(8) (exempting from FOIA disclosures all reports concerning examination, operation, or condition of financial institutions); 12 C.F.R. § 261.14(a)(8) (protecting from public disclosure all FDIC "[e]xamination, inspection, operating, or condition reports" and "[a]ny matter that is contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions, including a state financial institution supervisory agency"); see also In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 476-78 (6th Cir. 1983) (explaining policy behind confidentiality of FDIC examination and condition reports as ensuring security of financial institutions, preventing erosion of public confidence in banks, and promoting close relationship between banks and FDIC); Fed. Deposit Ins. Corp. v. Nason Yeager Gerson White & Lioce, P.A., No. 2:13-CV-208-FTM-38UAM, 2014 WL 12617802, at *2 (M.D. Fla. Jan. 17, 2014) (denying motion to compel production by FDIC of confidential regulatory reports because federal regulations prohibit disclosure).

recording during the two prior teleconferences.  The Court reserves final ruling on the motion to seal until receipt of these revised redactions.

    SO ORDERED this 24th day of June, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA